IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RONALD STEWART<br><br>         Plaintiff<br><br>v.<br><br>DORAL FINANCIAL CORPORATION, INSURANCE COMPANY ABC<br><br>         Defendants | CIVIL NO. 13-1349 (DRD) |

**ANSWER TO THE COMPLAINT**

TO THE HONORABLE COURT:

Comes now the defendant, Doral Financial Corporation (hereinafter referred to as "Doral" or "defendant"), through the undersigned counsel, and respectfully states and prays as follows:

**JURISDICTION AND VENUE**

1. Paragraph one (1) of the Complaint is a matter of law that does not require a response. To the extent that a response is required, the paragraph is denied.

2. Paragraph two (2) of the Complaint is a matter of law that does not require a response. To the extent that a response is required, the paragraph is denied.

3. As to paragraph three (3) of the Complaint, it is admitted that plaintiff filed a complaint before the Occupation Safety and Health Administration ("OSHA") and that over 180 days have elapsed without a final decision being issued by OSHA. The remainder of the paragraph is denied.

4. Paragraph four (4) of the Complaint is denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

5. Paragraph five (5) of the Complaint is a matter of law that does not require a response. To the extent that a response is required, the paragraph is denied.

6. Paragraph six (6)) of the Complaint is a matter of law that does not require a response. To the extent that a response is required, the paragraph is denied.

## THE PARTIES

7. As to paragraph seven (7) of the Complaint, it is admitted that Ronald Stewart is of legal age. The remainder of the paragraph is denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

8. Paragraph eight (8) of the Complaint is admitted.

9. Paragraph nine (9) of the Complaint is denied.

## FACTS OF THE CASE PURSUANT TO SARBANES-OXLEY ACT OF 2002

10. Paragraph ten (10) of the Complaint is admitted.

11. Paragraph eleven (11) of the Complaint is denied.

12. Paragraph twelve (12) of the Complaint is denied.

13. As to paragraph thirteen (13) of the Complaint, it is admitted that on February 16, 2012, Stewart sent a letter to the Chairman of the Audit Committee of Doral Financial Corporation and, that, in said memorandum Stewart expressed concerns as to alleged comments and events. The remainder of the paragraph is denied.

14. As to paragraph fourteen (14) of the Complaint, it is admitted that by means of his February 16, 2012 letter to the Chairman of the Audit Committee of Doral Financial

Corporation, Stewart expressed concern as to comments supposedly made by Mr. Glen Wakeman. The remainder of the paragraph is denied.

15. As to paragraph fifteen (15) of the Complaint, it is admitted that by means of his February 16, 2012 letter to the Chairman of the Audit Committee of Doral Financial Corporation, Stewart expressed concern as to an alleged comment made by Mr. Robert Wahlman. The remainder of the paragraph is denied.

16. As to paragraph sixteen (16) of the Complaint, it is admitted that by means of his February 16, 2012 letter to the Chairman of the Audit Committee of Doral Financial Corporation, Stewart expressed his alleged concern as to the "Role Clarity" initiative. The remainder of the paragraph is denied.

17. Paragraph seventeen (17) of the Complaint is a matter of law that does not require a response. To the extent that a response is required, the paragraph is denied.

18. Paragraph eighteen (18) of the Complaint is a matter of law that does not require a response. To the extent that a response is required, the paragraph is denied.

19. Paragraph nineteen (19) of the Complaint is admitted.

20. Paragraph twenty (20) of the Complaint is denied.

21. Paragraph twenty one (21) of the Complaint is denied.

22. Paragraph twenty two (22) of the Complaint is denied.

23. Paragraph twenty three (23) of the Complaint is denied.

24. Paragraph twenty four (24) of the Complaint is denied.

25. Paragraph twenty five (25) of the Complaint and all its subparts is denied.

**FACTS OF THE CASE PURSUANT TO THE CIVIL CODE OF PUERTO RICO SECTION 3371, 3373, 3375, 31 LPRA**

26. Paragraph twenty six (26) of the Complaint is admitted.

27. Paragraph twenty seven (27) of the Complaint is admitted.

28. Paragraph twenty eight (28) of the Complaint is admitted. However, it is clarified that the employment contract provided for a bonus opportunity which was to be determined by the Executive's performance and provided the Company's financial results were met.

29. Paragraph twenty nine (29) of the Complaint is admitted. However, it is clarified that the Executive was only eligible to participate in said long term incentive plan during the employment period and that the benefits and terms of the long term incentive plan were to be determined in the sole discretion of the Board of Directors or a committee thereof.

30. Paragraph thirty (30) of the Complaint is admitted. However, it is clarified that the Executive was only eligible to participate in the company's benefit plans, programs and arrangements during the employment period.

31. Paragraph thirty one (31) of the Complaint is admitted.

32. As to paragraph thirty two (32) of the Complaint, it is admitted that plaintiff's dismissal was made through an e-mail sent by Ms. Ilia Rodriguez Torres and that it was effective immediately. The remainder of the paragraph is denied.

33. As to paragraph thirty three (33) of the Complaint that the termination notification to plaintiff dated March 15, 2012, included the following paragraph:

> "Please be advised that your employment with Doral Financial Corporation has been terminated effective immediately. This termination is for "cause" as defined in Exhibit B of your employment agreement."

As to paragraph thirty three (33) of the Complaint, it is also admitted that Exhibit B of plaintiff's employment contract includes the following paragraph:

> "Anything withstanding to the contrary, the Executive's employment shall not be terminated for "cause" within the meaning of clauses (i), (ii), (iii), (iv) and (viii) above, unless the Executive has been given written notice by the Chief Executive Officer stating the basis for such termination and he is given fifteen (15) days to

cure the neglect or conduct that is the basis of any such claim and he fails to cure such conduct."

The remainder of paragraph thirty three (33) is denied.

34. Paragraph thirty four (34) of the Complaint is denied.

35. Paragraph thirty five (35) of the Complaint is denied.

36. Paragraph thirty six (36) of the Complaint is denied.

37. Paragraph thirty seven (37) of the Complaint is denied.

38. Paragraph thirty eight (38) of the Complaint is denied

39. Paragraph thirty nine (39) of the Complaint is denied.

40. Paragraph forty (40) of the Complaint is denied.

41. Paragraph forty one (41) of the Complaint is denied.

42. Paragraph forty two (42) of the Complaint is denied.

43. Paragraph forty three (43) of the Complaint is denied.

44. Paragraph forty four (44) of the Complaint is denied.

45. Paragraph forty five (45) of the Complaint is denied.

46. Paragraph forty six (46) of the Complaint is denied.

## **Absence of Good Faith**

47. Paragraph forty seven (47) of the Complaint is denied.

## **First Cause of Action**

48. As to paragraph forty eight (48) of the Complaint, defendant hereby incorporates all the previous answers to the present Complaint with the same force and effect as if set forth, at length, herein.

49. Paragraph forty nine (49) of the Complaint is denied.

## **Second Cause of Action**

50. As to paragraph fifty (50) of the Complaint, defendant hereby incorporates all the previous answers to the present Complaint with the same force and effect as if set forth, at length, herein.

51. Paragraph fifty one (51) of the Complaint is denied.

### Third Cause of Action

52. As to paragraph fifty two (52) of the Complaint, defendant hereby incorporates all the previous answers to the present Complaint with the same force and effect as if set forth, at length, herein.

53. Paragraph fifty three (53) of the Complaint is denied.

### Fourth Cause of Action

54. As to paragraph fifty four (52) of the Complaint, defendant hereby incorporates all the previous answers to the present Complaint with the same force and effect as if set forth, at length, herein.

55. Paragraph fifty five (55) of the Complaint and all of its subparts is denied.

### Fifth Cause of Action

56. As to paragraph fifty six (56) of the Complaint, defendant hereby incorporates all the previous answers to the present Complaint with the same force and effect as if set forth, at length, herein.

57. Paragraph fifty seven (57) of the Complaint is denied.

### Sixth Cause of Action

58. As to paragraph fifty eight (58) of the Complaint, defendant hereby incorporates all the previous answers to the present Complaint with the same force and effect as if set forth, at length, herein.

59. Paragraph fifty nine (59) of the Complaint is denied.

## Seventh Cause of Action

60. As to paragraph sixty (60) of the Complaint, defendant hereby incorporates all the previous answers to the present Complaint with the same force and effect as if set forth, at length, herein.

61. Paragraph sixty one (61) of the Complaint is denied.

## Eight Cause of Action

62. As to paragraph sixty two (62) of the Complaint, defendant hereby incorporates all the previous answers to the present Complaint with the same force and effect as if set forth, at length, herein.

63. Paragraph sixty three (63) of the Complaint is denied.

## Ninth Cause of Action

64. As to paragraph sixty four (64) of the Complaint, defendant hereby incorporates all the previous answers to the present Complaint with the same force and effect as if set forth, at length, herein.

65. Paragraph sixty five (65) of the Complaint is denied.

## Tenth Cause of Action

66. As to paragraph sixty six (66) of the Complaint, defendant hereby incorporates all the previous answers to the present Complaint with the same force and effect as if set forth, at length, herein.

67. Paragraph sixty five (65) of the Complaint is denied.

## Eleventh Cause of Action

68. As to paragraph sixty eight (68) of the Complaint, defendant hereby incorporates

all the previous answers to the present Complaint with the same force and effect as if set forth, at length, herein.

69. Paragraph sixty nine (69) of the Complaint is denied.

## Twelfth Cause of Action

70. As to paragraph seventy (70) of the Complaint, defendant hereby incorporates all the previous answers to the present Complaint with the same force and effect as if set forth, at length, herein.

71. Paragraph seventy one (71) of the Complaint is denied.

## Trial by Jury

72. Defendant opposes plaintiff's request for a jury trial. Defendant further denies all subsections of Paragraph seventy two (72) of the Complaint.

As to plaintiff's Prayer for Relief, the defendant denies, generally and specifically, that plaintiff has been or will be damaged in the sums alleged, in any other sum, or at all, by reason of any act or omission of the defendant or any officer, agent or employee of the defendant. The defendant further deny, generally and specifically, that the elements of relief sought are available to the plaintiff under the particular claims alleged.

## AFFIRMATIVE DEFENSES

A. The Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted.

B. Plaintiff cannot establish a *prima facie* case under Sarbanes-Oxley.

C. Plaintiff did not engage in protected activity under Sarbanes-Oxley.

D. Plaintiff's belief that Doral engaged in violations under Sarbanes-Oxley is unreasonable.

E. Doral did not retaliate against plaintiff.

F. Doral would have terminated plaintiff regardless of whether he engaged in any alleged protected activity under Sarbanes-Oxley.

G. Doral had a legitimate, non-retaliatory reason, for plaintiff's dismissal.

H. All actions taken by Doral were for just cause.

I. Plaintiff was terminated due to his unreasonable refusal to perform the essential duties of his position.

J. Stewart is not entitled to a bonus or to any of the other benefits of employment he seeks including, medical and dental benefits, outplacement services, relocation expenses or business expenses.

K. Stewart is not entitled to backpay.

L. Stewart is not entitled to reinstatement as a remedy.

M. Plaintiff's reinstatement is not feasible as there is too much hostility between Stewart and Doral.

N. Plaintiff does not possess a cause of action for breach of contract.

O. Doral complied with all of its duties and obligations under the employment contract it subscribed with Stewart.

P. Plaintiff's breach of contract claims are subject to an arbitration agreement between the parties.

Q. Plaintiff does not possess a cause of action under Articles 1206, 1208, 1210, 1054 or 1802 of the Puerto Rico Civil Code.

R. Plaintiff is not entitled to the remedies pursuant to Articles 1802, 1803, 1054 or 1201 of the Puerto Rico Civil Code.

S. Doral did not act willfully, intentionally, maliciously or recklessly towards the plaintiff.

T. Plaintiff failed to mitigate damages.

U. Doral's actions were not the proximate cause of plaintiffs' alleged damages.

V. Doral at all relevant times complied with all federal, state and other regulations, standards and laws.

W. This Court lacks subject matter jurisdiction over Plaintiff's state-law claims.

X. The Court should not exercise supplemental jurisdiction.

Y. Plaintiff's claims are barred by the doctrines of "unclean hands", waiver, laches, consent and/or acquiescence and by his own fault, misconduct and/or inactions.

Z. As discovery proceeds, Doral reserves the right to raise the defense of "after acquired evidence."

AA. Plaintiff is not entitled to any of the remedies requested.

BB. Plaintiff's damages, to the extent they exist, were caused in part, or in whole, by something other than any illegal acts or omissions by Doral, and any such damages should be denied or apportioned according to the evidence.

CC. The damages claimed do not exist, are grossly exaggerated, inappropriate and/or excessive.

DD. The damages and remedies claim are speculative.

EE. Doral denies the plaintiff is entitled to compensatory and/or punitive damages.

FF. Doral denies that plaintiff is entitled to liquidated damages.

GG. Plaintiff is not entitled to punitive damages on any of his claims for relief, because Doral's conduct was not willingly wrong or malicious, and Doral did not manifest a

knowing indifference or reckless or conscious disregard of plaintiff's rights.

HH. Plaintiff has no right to a jury trial in some or all of his claims.

II. Doral opposes to a jury by trial.

JJ. Doral objects to the jury's determination of any equitable issues, including but not limited to back pay and/or front pay.

KK. Plaintiff has failed to exhaust his administrative remedies.

LL. Doral relies upon the applicable statute of limitations.

MM. Plaintiff's claims are entirely or partially time barred.

NN. Doral at all relevant times complied with all federal, state and other regulations, standards and laws covering plaintiff's employment relationship.

OO. Doral alleges that Plaintiff's Complaint is frivolous and should be dismissed.

PP. Doral further requests an award of reasonable attorney fees.

QQ. Latches.

RR. Waiver.

SS. Defendant reserves the right to amend the affirmative defenses to include any defense that may arise during and from the discovery proceedings.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY**, that on March 10, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all relevant parties.

In San Juan, Puerto Rico, this 10th day of March, 2014.

s/ Pedro J. Manzano Yates, Esq.
Pedro J. Manzano Yates
USDC-PR 207005

s/ Nicole Rodríguez Ugarte, Esq.
Nicole Rodríguez Ugarte
USDC-PR-230612

**FIDDLER GONZÁLEZ & RODRÍGUEZ, PSC**
P.O. Box 363507
San Juan, PR  00936-3507
Tel. (787) 759-3240/3127
Fax: (787) 250-7565
E-mail: pmanzano@fgrlaw.com
           nrodriguez@fgrlaw.com

#919111
4522-440